UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Villegas,<br><br>    Plaintiff,<br><br>v.<br><br>C.C.H.C.S., et al.,<br><br>    Defendants. | **Case No. 1:17-cv-01326-MJS (PC)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 7)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff proceeds pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint (ECF No. 1) was stricken because it was submitted unsigned. (ECF No. 6.) Plaintiff complied with the Court's Order to file a signed complaint within thirty days. (ECF No. 7.) Plaintiff's October 23, 2017 complaint is before the Court for screening. (ECF No. 7.)

## I.    Screening Requirement

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon

1

which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.    Plaintiff's Allegations

Plaintiff is currently incarcerated at California Substance Abuse Treatment Facility ("CSATF"), in Corcoran, California, where his claims arose. He brings this action against California Correctional Health Care Services ("CCHCS"); C. Cyer, CEO at CSATF; D. Roberts, a registered nurse at CSATF; J. Lewis, Deputy Director of CCHCS; John Does 1, 2, and 3, the doctors who examined Plaintiff at CSATF; and E. Madina, a correctional officer at CSATF.

Plaintiff's allegations in the October 23, 2017 complaint (ECF No. 7) are summarized as follows:

Five years before filing his complaint, Plaintiff was diagnosed with torn cartilage in his knee, a torn rotator cuff, and tendinitis in his shoulders, knees, and elbows. The symptoms from these conditions were not so bad as to interfere with Plaintiff's daily life, but they are not self-correcting (and apparently they are progressively worsening), so on January 3, 2017, Plaintiff sought follow up treatment.

During this follow up, Plaintiff was given only a cursory examination and rudimentary treatment. Medical staff did not review medical records or reports of his prior rotator cuff surgery. They denied his request for MRI of his shoulder, knees, and elbows. These medical problems have now worsened to the point that Plaintiff is in constant pain and surgery is the only solution

Additionally, because he filed a grievance about his medical treatment, he was retaliated against by being moved to a top bunk. When he refused to move, prison staff issued a rules violation report ("RVR").

Plaintiff asserts three claims:

(1) "Cruel and unusual punishment, medical malpractice, equal protection, due process of law" (ECF No. 7 at 4);

(2) Retaliation for being moved to a top bunk after he filed a medical grievance and then being issued an RVR when he refused to move (Id. at 5-6); and

(3) Medical Malpractice or deliberate indifference to a serious medical need (Id. at 7).

**IV.     Discussion**

    **A.     Claims 1 and 3**

Plaintiff's first and third claims appear to be identical, but provide a different level of factual detail and different phrasing of similar legal concepts. For the reasons outlined below, these claims will be dismissed for failure to state a cognizable claim; however, Plaintiff may file a second amended complaint correcting and clarifying the issues

3

identified.

### 1. Factual Basis

The factual bases for the first and third claims are identical, except that Plaintiff provides greater detail of his medical treatment and names specific Defendants in the third claim.

In both claims, Plaintiff asserts that he has medical problems with his knees, shoulder, and elbows and that recent medical treatment was cursory and rudimentary. (ECF No. 7 at 4, 7.) However, in claim one, Plaintiff provides a more detailed explanation of his medical history (i.e., that the medical issues date back at least five years), and in claim three, he provides a more detailed explanation of the treatment denied. (Id.) Furthermore, in claim one, Plaintiff refers generally only to "defendants" as a group without specifying who took what action (or non-action), while in claim three, he identifies Defendants Cyer and Lewis as the ones responsible for the violation of his rights.

As the Court explains below, claims one and three have similar legal bases, but it is not clear what Plaintiff is claiming in each instance.

### 2. Legal Standards

It appears to the Court that claim one seeks to allege "deliberate indifference to serious medical need" claim brought under the Eighth Amendment which prohibits "cruel and unusual punishment." However, Plaintiff includes also "medical malpractice, equal protection, due process of law" in his statement of the constitutional or other federal right violated. (ECF No. 7 at 4.) Claim three alleges violation of the Eighth, Fifth, and Fourteenth Amendments, plus medical malpractice and violation of California Code of Regulations title 15. (Id. at 7.)

As so pled, the Court is unable to determine precisely who Plaintiff is suing for what.

Claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple,

concise, and direct'"); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The Court gives significant leeway to pro se plaintiffs' pleadings.  Even with liberal construction, however, the complaint must not force the Court and Defendant to guess at what is being alleged against whom, require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff to submit," or require the Court and Defendant to prepare lengthy outlines "to determine who is being sued for what."   See, also, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). A repetitive pleading, without clear statement of which individual did what, very likely will result in delaying the review required by 28 U.S.C. § 1915A and, ultimately, an order dismissing Plaintiff's action pursuant to Fed. R. Civ. P. 41, for violation of these instructions. McHenry, 84 F.3d at 1179.

### a. Eighth Amendment

If Plaintiff wishes to pursue an Eighth Amendment claim arising out of medical care in prison, he "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks

omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial. Mere

'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

### b. Medical Malpractice

A complaint of medical malpractice or that a physician has negligently diagnosed or treated a medical condition does not state a valid claim under the Eighth Amendment. Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012.) However, if Plaintiff is pursuing a state law claim for medical malpractice in addition to an Eighth Amendment claim for deliberate indifference, he "must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach-proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B.E. Witkin, Summary of California Law, Torts § 732 (9th ed.1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir.1988) (internal citations omitted).

Furthermore, to state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

The Court notes that in the current version of the complaint, Plaintiff makes no

indication of compliance with the Tort Claims Act.

### c. Equal Protection

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Shakur v. Schiriro, 514 F.3d 878, 891 (9th Cir. 2008). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

The current version of the complaint makes no mention of Plaintiff being part of any protected class or treated differently than any other individuals.

### d. Due Process

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

The Due Process Clause also protects Plaintiff against the deprivation of liberty

without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221–22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222–23 (citing Sandin v. Conner, 515 U.S. 472, 481–84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). If a protected interest is identified, the inquiry then turns to what process is due. Wilkinson, 545 U.S. at 224.

Plaintiff makes no allegations concerning either deprivation of property or liberty. When mentioning due process, Plaintiff invokes Title 15 of the California Code of Regulations, but states nothing further. Plaintiff's factual allegations do not appear to raise issues concerning the process afforded Plaintiff with regard to his grievances submitted to the prison authorities. It seems highly unlikely that Plaintiff can state due process claim based upon the allegations made in claims 1 and 3. However, Plaintiff will be afforded the opportunity to make such a claim in the amended complaint if he so chooses.

### 3. Defendants

In addition, Plaintiff fails to specify **who** was responsible for his injury. While the complaint names as Defendants Roberts (a registered nurse) and John Does 1-3 (physicians), the allegations in claims one and three are directed against all medical staff and do not identify these Defendants as being among those who treated Plaintiff at CSATF. Under § 1983, Plaintiff must allege that each named defendant *personally*

participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676-7; Simmons, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Furthermore, Plaintiff names the CEO of CSATF and Deputy Director of CCHCS as Defendants. As with all other Defendants (aside from Defendant Madina who is specifically named in claim 2, discussed below), Plaintiff makes no specific allegations against these Defendants. It appears he may be naming them just because they supervised medical staff without having taken or allowed any act in violation of Plaintiff's rights.

Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

If Plaintiff files a second amended complaint, he must specify which Defendants committed which acts and clarify the legal basis for each claim.

**B.     Claim 2**

In his second claim, Plaintiff alleges that Defendant Madina retaliated against him for filing a grievance about medical care. (ECF No. 7 at 6.) Specifically, he alleges that, on August 23, 2017, Defendant Madina announced to Plaintiff that he was being moved to a top bunk days after Plaintiff's accommodation chrono for a lower bunk expired. (Id.) Plaintiff alleges that prison staff, including Defendant Madina, were aware of the grievance he filed on January 6, 2017 concerning the medical issues alleged in claims 1 and 3, and that Defendant Madina's actions could be "nothing but retaliation." (Id.)

10

Prison inmates have a constitutional right to freedom from retaliation for engaging in activity protected by the First Amendment, including pursuing "'civil rights litigation in the courts.'" Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005) (quoting Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995)). A claim of unconstitutional retaliation brought by a prisoner has five elements. First, plaintiff must allege and show that he was engaged in conduct protected by the First Amendment. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes, 408 F.3d at 567). "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)). Third, plaintiff must allege and demonstrate a causal connection between the protected conduct and the adverse action. Id. Fourth, the plaintiff must allege and prove either a chilling effect on the exercise of First Amendment rights or some other harm. Id. Finally, the plaintiff must allege that the retaliatory action "'did not advance legitimate goals of the correctional institution.'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

Plaintiff has sufficiently pled that he engaged in protected activity in filing an inmate grievance, that there was a causal connection between the conduct and Defendant's action, and that he was harmed by the issuance of an RVR when he refused to move.

However, Plaintiff's assertions do not describe an "adverse action" or an action that did not advance legitimate peneological goals. Plaintiff alleges that his medical accommodation chrono for a lower bunk expired days before the move. (ECF No. 7 at 6.) Thus, Defendant Madina's moving of Plaintiff from a lower bunk would appear to be a justifiable advancement of legitimate peneological goals and not adverse to Plaintiff since he was no longer medically required to be placed in a lower bunk.

For all the foregoing reasons, Plaintiff's claims will bedismissed. However, the Court will provide Plaintiff an opportunity to cure the deficiencies identified above and amend the complaint to state a claim for retaliation.

11

**V. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No.71) is **DISMISSED** with leave to amend;

3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the amended complaint filed October 23, 2017;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff must either file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

5. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated: November 16, 2017         /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE