UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VILLEGAS, <br><br> Plaintiff, <br><br> v. <br><br> D. ROBERTS, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-01326-AWI-JDP <br><br> ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL <br><br> ECF No. 31 <br><br> ORDER REQUIRING PLAINTIFF TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> TWENTY-ONE-DAY DEADLINE |

Plaintiff Luis Villegas is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On March 5, 2019, defendant Medina moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies before filing suit. Plaintiff had twenty-one days to oppose defendant's motion under Local Rule 230(l), but he failed to do so. Instead of opposing defendant's motion, plaintiff moved for the appointment of counsel. ECF No. 31.

**I.     Motion to Appoint Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require that an attorney represent plaintiff under 28 U.S.C. § 1915(e)(1), *see Mallard v. United States District Court for*

*the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel under § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success on the merits [and] the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). Though plaintiff lacks legal experience and has "decreased mental capabilities," ECF No. 31 at 1, plaintiff has not demonstrated that he is likely to succeed on the merits at this early stage in the proceedings. Plaintiff's request is therefore denied without prejudice.

**II.   Failure to Oppose Defendant Medina's Motion for Summary Judgment**

Local Rule 230(l) provides that the failure to oppose a motion "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." As a sanction, the court may treat the facts asserted by defendant as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The court may also dismiss the case for plaintiff's failure to prosecute or failure to comply with a court order.

The court will allow plaintiff one more opportunity to oppose the motion for summary judgment. Plaintiff must file a response to defendant's motion for summary judgment, ECF No. 28, within twenty-one days of this order. If plaintiff fails to do so, the court will deem defendant's motion unopposed, which could result in granting the motion on the merits. *See* Fed. R. Civ. P. 56(e)(3). Failure to comply with this order may also result in dismissal of this action.

**III.   Order**

Accordingly,

1. Plaintiff's motion to appoint counsel, ECF No. 31, is denied.
2. Plaintiff must respond to defendant Medina's motion for summary judgment, ECF No. 28, within twenty-one days of this order.
3. Failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated: April 3, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 203